



*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**FILED**

AUG 1 5 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re                                    ) Case No. 12-28879-E-11
                                         ) Docket Control No. SK-4
ANNETTE HORNSBY,                         )
                                         )
                    Debtor.              )
_____ )

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**
**DENYING WITHOUT PREJUDICE MOTION FOR ORDER SHORTENING TIME**

Annette Hornsby, the Chapter 11 Debtor and Debtor in Possession ("Debtor in Possession"), has filed a motion for order shortening time to allow the court to hear a Motion to Vacate the court's prior order granting Deutsche Bank National Trust Company, and its successors relief from the automatic stay. The Motion for Order Shortening Time states with particularity (Fed. R. Bankr. P. 9013) the following grounds for the relief requested:

A.  The Debtor in Possession has pending in state court a complaint for wrongful foreclosure against Deutsche Bank National Trust Company ("DBNTC") and other defendants. By virtue of its claim that the foreclosure was wrongful, the Debtor in Possession asserts that the real property commonly know as 950 Harrison Street, San Francisco, California ("950 Harrison Street Property"), was owned by

1       the Debtor as of the commencement of this bankruptcy case

2       and continues to be property of the bankruptcy estate.

3       The complaint was filed by the Debtor in the California

4       Superior Court on May 7, 2012.

5   B.  On May 8, 2012, the Debtor commenced the present

6       Chapter 13 case.

7   C.  On May 15, 2012, DBNTC filed a motion for relief from the

8       automatic stay.

9   D.  On June 15, 2012, the court granted the DBNTC motion for

10      relief from the automatic stay.

11  E.  On November 20, 2012, and December 3, 2012, DBNTC and

12      other defendants filed demurrers in the State Court

13      Action.

14  F.  On January 25, 2013, the Debtor in Possession filed an

15      amended complaint in the State Court Action. A copy of

16      the amended complaint is filed as Exhibit A to the

17      declaration of the Debtor in Possession in support of the

18      Motion to Vacate the order granting relief from the

19      automatic stay.

20  G.  On February 22, 2013, the defendants in the State Court

21      Action filed demurrers to the first amended complaint in

22      the State Court Action. On April 24, 2013, the demurrers

23      were overruled by the judge in the State Court Action.

24      The state court rulings on the demurrers are filed as

25      Exhibits D and E to the Debtor in Possession's

26      declaration.

27  H.  On April 22, 2013, the Debtor in Possession recorded a

28      Lis Pendens for the 950 Harrison Street Property.

2

1    I.    The rulings on the demurrers were that the first amended
2          complaint alleges sufficient facts disputing the validity
3          of the foreclosure sale and that no allegation of
4          "tender" was required based on the claim that the
5          foreclosure sale was void.

6    J.    After the State Court Judge denied the demurrers, on or
7          about May 1, 2013, DBNTC listed the 950 Harrison Street
8          Property for sale.[1]

9    K.    On May 30, 2013, DBNTC purported to have transferred
10         titled to the 950 Harrison Street Property to Victor Li
11         and Yao L. Jiang ("Buyer 1"). Because of the Lis
12         Pendens, the Debtor in Possession asserts that Buyer 1
13         has knowledge of the estate's interest in the
14         950 Harrison Street Property.

---

16    [1]  The "rulings" provided as Exhibits D and E are the state court
17    judge's orders, which state, " [Defendant's] Demurrer to Amended
      Complaint is DENIED. Amended Complaint sufficiently alleges facts
18    disputing Defendants' authority to foreclose. See ¶ 16 of Amended
      Complaint. No tender is required when the sale is void." No other
19    discussion of the Amended Complaint or the merits of the litigation is
      provided by state court judge ruling on the Demurrer. Paragraph 16 of
20    the Amended Complaint states,

21         "16. When the Subject Property address and Plaintiff's name
           were provided to the Trustee, the Trustee responded as
22         follows: "Our records indicate this loan was sold to Goldman
           Sachs in February 2004, and the servicing was transferred to
23         Litton Loan Servicing on May 1, 2004. Litton has since been
           acquired by Ocwen Loan Servicing, and their customer service
24         department can be reached at (800) 746-2936."

25    Amended Complaint, Exhibit A, Dckt. 157. The substance of the Amended
      Complaint appears to be that DBNTC and the other defendants in the
26    State Court Action cannot prove that they have any interest in the
      Note secured by the 950 Harrison Street Property and therefore cannot
27    exercise the power of sale in the Deed of Trust to have title
      transferred from the Debtor or Debtor in Possession to a purchaser at
28    a non-judicial foreclosure sale.

1    L.    It is alleged that Buyer 1 is attempting to transfer

2             title to the 950 Harrison Street Property to

3             third-parties, notwithstanding the Lis Pendens and

4             knowledge of the bankruptcy estate's asserted interest

5             950 Harrison Street Property.

6    M.    It is alleged that Buyer 1 is attempting to transfer

7             title to third-parties to further complicate the "legal

8             process," and if they are allowed to transfer title it

9             will lead to a multiplicity of legal filings that will

10            needlessly burden the courts.

11    N.    Debtor in Possession asserts that DBNTC and other

12           defendants have had years to document their right to

13           foreclose, but have failed to so do. Therefore, it is

14           unlikely that they will be able to do so in the future.

15    O.    Debtor in Possession asserts that the 950 Harrison Street

16           Property has a value of \$725,000.00, and anticipates the

17           value to continue to increase.

18    P.    Debtor in Possession asserts that for the loan secured by

19           the 950 Harrison Street Property, "defendants" demanded

20           monthly payments of \$3,700.00 (increased from \$1,700) and

21           refused to grant Debtor a loan modification. *Ex Parte*

22           Motion, Dckt. 152. The Debtor in Possession requests

23           that the court reinstate the automatic stay before there

24           could be any further purported transfers of the 950

25           Harrison Street Property. Pursuant to the *Ex Parte*

26           Motion, the Debtor in Possession requests that the court

27           set a hearing on the Motion to Vacate on August 20, 2013.

28    ///

4

1    **MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY**

2        The Motion to Vacate (Dckt. 153) repeats the allegations set
3    forth in the *Ex Parte* Motion to Shorten Time.    Based on those
4    allegations, the Debtor in Possession asserts that pursuant to
5    11 U.S.C. § 105, the court "has authority to vacate the order
6    lifting the automatic stay and to reimpose a stay." The bankruptcy
7    court should vacate the order terminating the automatic stay "in
8    the interest of justice...in order to avoid a multiplicity of legal
9    actions which will further needlessly burden the Courts and to
10    prevent an abuse of process. [undescribed] Irreparable harm will
11    occur to the Debtor in Possession if this Motion for an order
12    vacating the automatic stay and reinstating the bankruptcy stay is
13    not granted."

14        The Debtor in Possession has filed a Points and Authorities in
15    support of the Motion to Vacate. Dckt. 155. The first five of the
16    six-page Points and Authorities consist of the facts alleged in the
17    *Ex Parte* Motion for Order Shortening Time and the Motion to Vacate.
18    The court is directed to utilize 11 U.S.C. § 105(a) to vacate the
19    order granting relief from the automatic stay. No other statute,
20    Federal Rule of Civil Procedure, Federal Rule of Bankruptcy
21    Procedure, or case law is provided in support of the Motion to
22    Vacate.

23    **GROUNDS FOR VACATING ORDER**

24        While Congress ensured that there was a statutory basis for
25    the bankruptcy and district court judges having the authority to
26    issue all orders necessary and proper to carry out the Bankruptcy
27    Code, 11 U.S.C. § 105(a) is not the grant of a free ranging
28    authority to do whatever the judge thinks should be right. *In re*

5

1 *Lloyd*, 37 F.3d 271 (7th Cir. 1994) (not grant the court "free
2 floating discretion" to create rights outside of the Bankruptcy
3 Code); *In re Fesco Plastics Corp.*, 996 F.2d 152 (7th Cir. 1993)
4 (court may not employ its equitable powers to achieve results not
5 contemplated by the Code); *United States v Sutton*, 786 F2d 1305
6 (5th Cir. 1986) (must be exercised consistent with the provisions
7 of the Bankruptcy Code).

8    As stated by the Ninth Circuit Court of Appeals in *American*
9 *Hardwoods, Inc. v. Deutsche Credit Corporation (In re American*
10 *Hardwoods, Inc.)* 885 F.2d 621 (9th Cir. 1989),

11       While endowing the court with general equitable powers,
         section 105 does not authorize relief inconsistent with
12       more specific law.   *In re Golden Plan of California,*
         *Inc.*, 829 F.2d 705, 713 (9th Cir. 1986) (*Golden Plan*) ("a
13       bankruptcy court's equitable powers must be strictly
         confined within the prescribed limits of the Bankruptcy
14       Act."); *Johnson v. First National Bank of Montevideo,*
         *Minnesota*, 719 F.2d 270, 273 (8th Cir. 1983) ("Although
15       a bankruptcy court is essentially a court of equity, its
         broad equitable powers may only be exercised in a manner
16       which is consistent with the provisions of the Code.")
         (citations omitted), cert. denied, 465 U.S. 1012, 79 L.
17       Ed. 2d 245, 104 S. Ct. 1015 (1984). For example, section
         105 does not empower the court to award attorney fees
18       absent specific statutory authority, *In re Panaia*, 65
         Bankr. 865, 869-70 (Bankr.D.Mass. 1986), or to order a
19       trustee to recover expenses in a manner not specifically
         provided for in 11 U.S.C. § 506(c), *Golden Plan*, 829 F.2d
20       at  712-14.   Nor  does  section  105  supersede  the
         Anti-Injunction Act, 26 U.S.C. § 7421(a), which prohibits
21       the court from enjoining the assessment or collection
         taxes.   *In re Heritage Village Church and Missionary*
22       *Fellowship, Inc.*, 851 F.2d 104, 105 (4th Cir. 1988)

23    Rather than a free-floating exercise of judicial power to
24 vacate an otherwise final order of this court, the federal judicial
25 process for addressing an order which has become final and
26 otherwise enforceable is governed by Federal Rule of Civil
27 Procedure 60(b), as made applicable in this case by Federal Rule of
28 Bankruptcy Procedure 9024, which incorporates minor modifications

                                6

1  that do not apply here.  Grounds for relief from a final judgment,

2  order, or other proceeding are limited to:

3       (1)  Mistake, inadvertence, surprise, or excusable neglect;

4       (2)  Newly discovered evidence that, with reasonable
            diligence, could not have been discovered in time to move
5            for a new trial under Rule 59(b);

6       (3)  Fraud (whether previously called intrinsic or extrinsic),
            misrepresentation, or misconduct by an opposing party;
7
        (4)  The judgment is void;
8
        (5)  The judgment has been satisfied, released, or discharged;
9            it is based on an earlier judgment that has been reversed
            or vacated; or applying in prospectively is no longer
10           equitable; or

11      (6)  Any other reason that justifies relief.

12  Fed. R. Civ. P. 60(b).  The court uses equitable principles when

13  applying Rule 60(b)Fed. R. Civ. P. 60(b).  *See* 11 Charles Alan

14  Wright Et Al., Federal Practice and Procedure § 2857 (3rd ed.

15  1998).  A precondition to the granting of such relief is that the

16  movant show that he or she has a meritorious claim or defense.  *See*

17  12-60 Moore's Federal Practice Civil § 60.24; *Brandt v. American*

18  *Bankers Insurance Company of Florida*, 653 F.3d 1108, 111 (9th Cir.

19  2011); *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)  ("We agree

20  with the Third Circuit that three factors should be evaluated in

21  considering a motion to reopen a default judgment under Rule 60(b):

22  (1) whether the plaintiff will be prejudiced, (2) whether the

23  defendant has a meritorious defense, and (3) whether culpable

24  conduct of the defendant led to the default. *See Gross v. Stereo*

25  *Component Systems*, 700 F.2d 120, 122 (3d Cir. 1983) ("*Gross*"); *see*

26  also *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839,

27  845 (6th Cir. 1983) (adopting Third Circuit test).")

28       The Debtor in Possession fails to provide the court with any

                                    7

1  consideration of Rule 60(b), the grounds being asserted, and why
2  such relief is proper.  It appears that there is a general request
3  that relief should be granted for a nonspecific "other reason that
4  justifies relief."  The "other reason" would be that the Debtor in
5  Possession was able to draft an Amended Complaint which pleads
6  (without any requirement of proof) a possible claim against DBNTC.

7       This court granted DBNTC relief from the automatic stay by
8  order entered on June 15, 2012.  Order, Dckt. 43.  No opposition to
9  the Motion for Relief was filed by the Debtor in Possession.  The
10 court found that for purposes of a motion for relief from the
11 automatic stay, DBNTC has shown a colorable claim, the
12 determination of the respective rights of DBNTC and the Debtor in
13 Possession to be made in the California state court.  Civil
14 Minutes, Dckt. 42.

15 **USE OF AUTOMATIC STAY IN PLACE OF PRELIMINARY INJUNCTION**

16      On a number of occasions this court has addressed the proper,
17 and improper, use of the automatic stay by a debtor in lieu of a
18 state court or a Federal Rule of Civil Procedure 56 preliminary
19 injunction.  When financially driven to seek relief under the
20 Bankruptcy Code, the ability of a debtor to post the necessary bond
21 may be problematic.  This court has balanced the provisions of
22 11 U.S.C. § 362(a) and the requirements for an injunction in
23 litigation to determine rights and interests in property or the
24 extent, validity, priority, and extent of a lien pursuant to
25 Federal Rule of Civil Procedure 65(c) and Federal Rule of
26 Bankruptcy Procedure 7001 and 7056.  The use of the automatic stay
27 by a debtor to enjoin a foreclosure or unlawful detainer proceeding
28 while a debtor litigates the rights and interests of the asserted

8

1  creditor or owner who purchased property at a foreclosure sale is
2  appropriate when made part of a bankruptcy plan which provides for
3  the monthly payment on the alleged secured claim to be placed in a
4  blocked account as a self-funded bond that the court can use to pay
5  the damages pursuant to Federal Rule of Civil Procedure 65(c) if it
6  is determined that the person asserting rights as a creditor or
7  purchaser of the property were improperly enjoined by the automatic
8  stay.    *See In re De la Salle*, Bankr. E.D. Cal. 10-29678, Civil
9  Minutes for Motion to Dismiss or Convert (DCN: MBB-1), Dckt. 230
10 (Bankr. E.D. Cal. 2011), affirm., *De la Salle v. U.S. Bank, N.A.*
11 (*In re De la Salle*), 461 B.R. 593 (B.A.P. 9th Cir. 2011).

12     This Debtor has filed four bankruptcy cases (including the
13 present case) since 2008.    These cases and their dispositions are
14 summarized in the following chart.

| Case Number and Chapter | Date Filed Date Dismissed Discharge Entered | Disposition Notes |
|---|---|---|
| 12-28879 Chapter 11 | Date Filed: May 8, 2012 Case Pending No Discharge | No Chapter 11 Plan Proposed, No Disclosure Statement Proposed |
| 12-21050 Chapter 13 | Date Filed: January 19, 2012 Date Dismissed: February 23, 2012 No Discharge | Case dismissed due to failure to file Schedules and Statement of Financial Affairs |
| 08-35711 Chapter 7 | Date Filed: October 29, 2008 Discharge: January 22, 2010 | |
| 08-29875 Chapter 13 | Date Filed: July 21, 2008 Date Dismissed: September 5, 2008 No Discharge | Case dismissed for failure to comply with 11 U.S.C. § 521(i). |

28 ///

9

1    The Debtor has been utilizing the Bankruptcy Code and federal
2  judicial process since 2008.    Her prior Chapter 13 case was
3  dismissed on February 23, 2012.    The present case was filed on
4  May 8, 2012, less than three months after the dismissal of the
5  Chapter 13 case.

6    On Schedule A filed in this case the Debtor lists the
7  950 Harrison Street Property as an asset having a current value of
8  $597,300.00 (as of the 2012 commencement of the case) and being
9  subject to liens in the amount of $600,000.00.    Dckt. 24.    On
10  Schedule B the Debtor does not list any personal property claims or
11  rights against DBNTC or other persons.    Dckt. 25.    On Schedule D
12  the Debtor lists Deutsche Bank AG as having a $525,000.00 claim
13  secured by the 950 Harrison Street Property.    Dckt. 27.    The Debtor
14  does list a wrongful foreclosure, fraud, predatory lending action
15  in the California State Court.    Statement of Financial Affairs,
16  Question 4, Dckt. 34.

17    The Debtor in Possession must address the secured claim in
18  some manner in a plan, not merely choose to ignore it and use the
19  automatic stay in lieu of an injunction.    If all·the Debtor in
20  Possession wants is an injunction, then she may obtain such from
21  the state court in which she is prosecuting her claims against
22  DBNTC.    The Debtor in Possession has not proposed a plan in which
23  the monthly payments due under the contract (or a good faith
24  determined amount which would likely be due under a loan
25  modification) be paid into a blocked account pending a
26  determination of who the creditor is and that claim paid, or used
27  to pay the damages arising from that party being wrongfully
28  enjoined from exercising its rights or interests in the

1  950 Harrison Street Property.  In fact, though this case has been
2  pending more than one year, no proposed plan or disclosure
3  statement has been filed by the Debtor in Possession.

4      In her prior Chapter 13 case, the Debtor belatedly filed
5  (after the case was dismissed) a proposed Chapter 13 Plan.
6  12-21050, Dckt. 45 (attached to the Schedules and Statement of
7  Financial Affairs).  That Chapter 13 Plan included a payment to
8  DBNTC of $600.00 a month on its contract installment and $300.00 a
9  month to cure an unstated amount of arrearage.  The Chapter 13 Plan
10 also promised a 100% dividend to creditors holding general
11 unsecured claims.  Because the case was dismissed, the Chapter 13
12 Plan was never confirmed.

13     The Debtor in Possession has not shown any inclination to
14 prosecute a Chapter 11 Plan or fulfill her obligations as the
15 Debtor in Possession and Debtor in this case.  Rather, she now
16 makes a general, vague, "it would be right to do," request for the
17 court to vacate the order terminating the stay so that it could go
18 back into effect.

19 **ALLEGED CONDUCT OF DBNTC AND TRANSFEREES OF DBNTC**

20     At the hearing of the present motion to vacate is a contention
21 that (1) DBNTC never had the right to conduct a non-judicial
22 foreclosure sale, (2) DBNTC never acquired title to the
23 950 Harrison Street Property and the Trustee's Deed it received is
24 of no force and effect, (3) DBNTC could not transfer title to
25 Buyer 1, (4) because of the lis pendens Buyer 1 cannot be a *bona*
26 *fide* purchaser for value, and (5) Buyer 1 intends to further
27 transfer title for the purpose of further clouding the Estate's
28 interest in the 950 Harrison Street Property to make it difficult

11

for the Debtor in Possession (as the fiduciary of the estate) to exercise control over and possession of the 950 Harrison Street Property. Though the court has not, at this point in time, vacated the order terminating the automatic stay, that order does not transfer title to or validate any interest asserted by DBNTC or any persons, directly or indirectly, it purported to transfer title to the 950 Harrison Street Property. If the Debtor in Possession is correct and has recorded a lis pendens putting the world on notice of the estate's interest in the 950 Harrison Street Property, then the Debtor in Possession can assert whatever claims it has not only for determining that no transfer of title from the Debtor or the estate occurred, but also such other breach of contract and tort claims, if any, arising from slandering the estate's title in the 950 Harrison Street Property and interfering with the estate's ownership and possession of the 950 Harrison Street Property.

## DECISION

The Debtor in Possession has not shown the court grounds to shorten time and bring the Debtor in Possession and creditors into court to address a motion to vacate the order terminating the automatic stay pursuant to 11 U.S.C. § 105(a) based on the Debtor in Possession's state court complaint surviving a demurrer. The Debtor in Possession is not prosecuting a plan in this case, the litigation is not part of any plan in this case, and at best, the Debtor in Possession appears now to want to use the bankruptcy case as a peripheral proceeding to her state court litigation. No creditors are being paid and no provision is being made to pay her

1 │ creditors through a Chapter 11 Plan.[2]

2 │     The Motion for Order Shortening Time is denied without
3 │ prejudice.

4 │     This Memorandum Opinion and Decision constitutes the court's
5 │ findings of fact and conclusions of law pursuant to Federal Rule of
6 │ Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052
7 │ and 9014.  The court shall issue a separate order consistent with
8 │ this ruling.

9 │ Dated: August 15, 2013

10 │
11 │
12 │                              RONALD H. SARGIS, Judge
                                 United States Bankruptcy Court
13 │
14 │
15 │
16 │
17 │
18 │

19 │     [2]  In looking at the latest Monthly Operating Report for June 1,
20 │ 2013 (due by July 14, 2013 and belatedly filed on August 6, 2013), the
     Debtor in Possession reports that since the case was commenced on
21 │ May 8, 2012, the estate has received $9,640.00 in cumulative income
     ($3,700.00 in rents, $5,021.00 in retirement income, and $919.00 in
22 │ "other").  Dckt. 151.  The Debtor in Possession also reports that she
     has made $10,532.00 in nonspecific disbursements.  The Debtor in
23 │ Possession reports having a $4,727.00 cash balance as of June 30,
     2013.

24 │     The June 2013 Monthly Operating Report may well be inaccurate in
25 │ light of the May 2013 Monthly Operating Report, Dckt. 146.  In the May
     2013 report (untimely filed on July 8, 2013, which was due by June 14,
26 │ 2013), the Debtor in Possession reports having received $44,400.00 in
     income ($44,400.00 in rents, and no other amounts) and having made
27 │ disbursements $77,851.00 ($20,321.00 for rent/lease of personal
     property and $71,851.00 in nonspecific "Personal Expenses").  The
28 │ Debtor in Possession reports having a $227,960.00 cash balance in the
     estate as of May 30, 2013.

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

      Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ___XX____ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Deutsche Bank National Trust Company
Laurie Howell
2121 2nd Street, Suite C105
Davis, CA 95618